# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 13, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**COLUMBIA STACY,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0481**  (BOR Appeal No. 2046474)
(Claim No. 2009093145)

**WAYNE COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Columbia Stacy, by John C. Blair, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Wayne County Board of Education, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 22, 2012, in which the Board affirmed a September 23, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 11, 2010, decision granting Ms. Stacy a 3% permanent partial disability award related to her right side carpal tunnel syndrome. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Stacy worked as a cook for the Wayne County Board of Education. On May 28, 2009, Ms. Stacy filed an application for workers' compensation benefits stating that she had developed right side carpal tunnel syndrome as a result of the continual and repetitive use of her hand at work. Dr. Bolano then performed carpal tunnel syndrome release surgery on Ms. Stacy and his post-operative report indicated that she had healed well following the procedure. Ms. Stacy returned to work soon after the procedure. Ms. Stacy's claim was approved by the claims administrator. She was then evaluated by Dr. Nadar who found that she had 5% upper extremity

1

impairment under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) which translated into 3% whole person impairment. On June 11, 2010, the claims administrator granted Ms. Stacy a 3% permanent partial disability award based on Dr. Nadar's report. Following this award, Dr. Poletajev evaluated Ms. Stacy and found that she had 10% whole person impairment under the American Medical Association's *Guides*, which he reduced to a 6% whole person impairment rating under West Virginia Code of State Rules § 85-20-64.5 (2006). Ms. Stacy was then evaluated by Dr. Mukkamala who found that Ms. Stacy had normal range of motion in her wrists. Dr. Mukkamala found that Ms. Stacy had 2% whole person impairment under the American Medical Association's *Guides* relating to her right carpal tunnel syndrome. On September 23, 2011, the Office of Judges affirmed the claims administrator's decision. The Board of Review then affirmed the Order of the Office of Judges on March 22, 2012, leading Ms. Stacy to appeal.

The Office of Judges concluded that Ms. Stacy had 3% whole person impairment for her right carpal tunnel syndrome and affirmed the claims administrator's grant of a 3% permanent partial disability award. In making this determination the Office of Judges considered the report of Dr. Poletajev but found that it was unpersuasive. The Office of Judges noted that Dr. Poletajev based his recommendation on his finding that Ms. Stacy experienced moderate to severe restrictions in numerous categories of daily living. The Office of Judges found that it was impossible to reconcile Dr. Poletajev's findings with the fact that Ms. Stacy was able to continue working. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Stacy has not demonstrated that she is entitled to a greater than 3% permanent partial disability award relating to her right carpal tunnel syndrome. The report of Dr. Poletajev is the only evidence in the record that weighs in favor of a greater award. But the Office of Judges determined that his report was not persuasive and pointed to specific inconsistencies which justified this determination. The Office of Judges was within its discretion in not relying on Dr. Poletajev's report and its findings are consistent with the record as a whole.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 13, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II